IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOZZIE JONES,**<br><br>                  **Plaintiff,**<br><br>v.<br><br>**PHILLIPS 66 COMPANY,**<br><br>                  **Defendant.** | **Case No. 21-CV-01064-SPM** |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In August 2021, Plaintiff Bozzie Jones brought this action. Jones, a black male, stated that he was an operator at the Defendant Phillips 66 Company's Wood River Facility. He alleged that he applied for a promotion and that he had the most experience of anyone that applied, but the position was awarded to a white male instead. He stated that this happened again the next year. In his complaint, he claimed failure to promote and retaliation under Title VII of the Civil Rights Act.

Phillips 66 moved for summary judgment on Jones's complaint. Jones never responded to Phillips 66's Motion for Summary Judgment. (Doc. 50). Phillips 66 then filed a Motion for Judgment as a Matter of Law (Doc. 55), which stated that Phillips 66's counsel contacted Jones's counsel by email about the expiration of the time to file a response to the Motion for Summary Judgment and Jones's counsel did not respond. Jones's counsel also did not provide a status update to the Court that it requested regarding a previous motion. (Doc. 47). Pursuant to LOCAL RULE 7.1(c), "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an

admission of the merits of the motion." When a non-moving party fails to respond to a motion for summary judgment, its failure "constitutes an admission . . . that there are no disputed issues of genuine fact warranting a trial." *Flynn v. Sandahl,* 58 F.3d 283, 288 (7th Cir. 1995); *see also Terrell v. American Drug Stores*, 65 Fed. App'x 76, 77 (7th Cir. 2003). However, the Court is still obligated to ensure that the evidence submitted by Phillips 66 properly substantiates its assertions of entitlement to summary judgment. Federal Rule of Civil Procedure 56(e) provides: "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ."

Summary judgment is the moment in a lawsuit where a party lays its proverbial cards on the table, showing what evidence it possesses to convince a trier of fact to agree with its version of the events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)). Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). That "burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party

and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Spath v. Hayes Wheels Intern.-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).

As Phillips 66 states, there is no evidence from which a reasonable fact finder could conclude that it failed to promote Jones based on his race or retaliated against him based on his race. Jones admitted in his deposition that there is no evidence that any company conduct was based on his race. Jones stated that he only had concerns about racism. Furthermore, Jones cannot even establish that his production leader that made the turnaround promotion decisions was aware that he filed a hotline complaint. Notably, according to Jones, this complaint was based on favoritism, not racism. Furthermore, the production leader assigned Jones to be a turnaround coordinator *after* Jones had made his hotline complaint. What is more, during Jones's fourteen years at the refinery, he was never disciplined, demoted, harassed, intimidated, mistreated, given inferior assignments, or fired.

Accordingly, the Court **GRANTS** Defendant Phillips 66 Company's Motion for Summary Judgment (Doc. 50) and Motion for Judgment as a Matter of Law. (Doc. 55). Plaintiff Bozzie Jones's claims against Phillips 66 are **DISMISSED with prejudice**. Phillips 66 is awarded costs incurred during this suit. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 26, 2023**

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge